IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-1061-WJM-KLM

KEYSTONE AUTOMOTIVE INDUSTRIES, INC.,

    Applicant,

v.

AFFORDABLE AUTO BODY AND PAINT, LLC,
JAMES E. NEWTON, and
HAROLD SWAN,

    Respondents.

## ORDER GRANTING APPLICATION TO CONFIRM ARBITRATION AWARD

Before the Court is Applicant Keystone Automotive Industries, Inc.'s ("Keystone") Application to Confirm Arbitration Award ("Application") (ECF No. 1) and Motion for Default Judgment ("Motion"). (ECF No. 31.) Respondents Affordable Auto Body and Paint, LLC ("Affordable Auto Body"), James E. Newton, and Harold Swan (collectively, "Respondents") have all been served with process but have not entered an appearance in this action. For the following reasons, the Application and Motion are granted.

### I. BACKGROUND

**A.    Factual Background**

The Court takes the following facts from the Application and supporting documents (ECF No. 1) and the Motion (ECF No. 31) and supporting documents which, as a result of Respondents' default, are deemed admitted.

On June 10, 2021, Keystone's attorney, Scott Schaefers, commenced the

arbitration proceeding ("Arbitration") against Respondents by submitting an Arbitration Demand and Arbitration Complaint to the American Arbitration Association. (ECF No. 1-1 at 2.)

On or about October 28, 2019, Keystone, a nationwide distributor of automotive paint and related products, entered into a Supply Agreement and related Addendum ("2019 Agreement,") with Affordable Auto Body, an automotive body shop (formerly in Loveland, Colorado, but now in Fort Collins, Colorado) owned by Harold Swan. (*Id.* at 8.) Pursuant to Section 5(A) of the 2019 Agreement, Keystone advanced to Affordable Auto Body the amount of $200,000 ("Distributor Advance") as consideration for Affordable Auto Body's promise to purchase exclusively from Keystone minimum amounts of paint and related products manufactured by Akzo Nobel Coatings Inc. ("Akzo Nobel"). (*Id.*) James E. Newton, Swan's uncle, signed the agreement as an owner and guarantor. (*Id.*)

On or about June 1, 2020, Keystone and Respondents signed another Supply Agreement ("2020 Agreement") that replaced and superseded the 2019 Agreement. (*Id.*) In the 2020 Agreement, Respondents agreed that $184,000 of the Distributor Advance under the 2019 Agreement remained unearned. (*Id.*) Newton and Swan were parties to and personally guaranteed Affordable Auto Body's obligations and promises in the 2019 and 2020 Agreements. (*Id.* at 8–9.) The Arbitrator described in detail other provisions of the 2020 Agreement, which the Court will not repeat here.

By December 2020, Keystone determined that Respondents breached their obligations and promises in the 2019 and 2020 Agreements by: (a) purchasing paint products from a different distributor, (b) ceasing the purchase of paint products from

Keystone, or purchasing merely *de minimus* amounts, and (c) failing to timely pay for paint products previously ordered from and delivered by Keystone. (*Id.* at 9.) In December 2020, the amount of the unearned Distributor Advance was $184,000. (*Id.*) Respondents also had an outstanding balance of $48,785.39 on their Keystone account. (*Id.*) Accordingly, on January 18, 2021, Keystone demanded repayment of the unearned Distributor Advance, and payment of the outstanding account balance, within 30 days. (*Id.*) Respondents failed to pay any of the amount demanded, and Keystone filed the Arbitration.

On January 27, 2022, Arbitrator Melinda Cooper Holladay ("Arbitrator"), issued the Final Award of Arbitrator ("Final Award"). (ECF No. 1-1 at 4–11.) Following an evidentiary hearing and briefing, the Arbitrator found that Keystone proved that Affordable Auto Body breached the agreement by failing to comply with its payment obligations, by failing to meet the minimum purchase requirements, and by failing to return the unearned Distributor Advance. (*Id.* at 10.) The Arbitrator therefore granted Keystone's claim for breach of contract and found that Respondents, jointly and severally, were obligated to pay Keystone the amount of $233,218.80 representing the unpaid Distributor Advance and the Accounts Receivable balance. (*Id.* at 10–11.)

Additionally, the Arbitrator found that under Section 10.B of the Agreement, Respondents, jointly and severally, were obligated to pay Keystone $8,425.82 for attorneys' fees and related expenses. Because Keystone was the prevailing party, the administrative fees and expenses of the AAA, and the compensation and expenses of the Arbitrator, were to be borne by Respondents, for a total of $11,512.50. (*Id.* at 11.) The Final Award amount was $253,157.12, due within 30 days. (ECF No. 1 at 3.)

Since January 27, 2022, no Respondent made any payment to Keystone of any portion of the Final Award, despite Keystone's attorney's multiple requests. (*Id.* at 4.) Further, no Respondent filed or submitted to the Arbitrator any motion directed against the Final Award. (*Id.*) To Keystone's knowledge, since January 27, 2022, no Respondent filed in any court any petition, motion, or application to vacate, modify, or correct the Final Award. (*Id.*)

The parties' arbitration agreement provided that "the prevailing party herein shall be entitled to recover its costs, disbursements and reasonable attorney's fees from the non-prevailing party following the final award." (*Id.* at 5 (citing Ex. 2, § 10(B), pp. 5-6).) Since the Final Award, Keystone has incurred $2,421 in attorneys' fees, including fees and costs regarding this Application. (*Id.* (citing Schaefers Decl. ¶ 16, Ex. 10).)

**B.    Procedural History**

On May 2, 2022, Keystone filed the Application, requesting that the Court: (1) confirm the arbitration award, (2) enter judgment in Keystone's favor and against each Respondent, jointly and severally, in the amount of $255,578.12, which includes (a) the Award amount of $253,157.12, plus (b) $2,421 in post-Award attorneys' fees and costs; (3) to allow Keystone to file one or more declarations of attorneys' fees, costs, and expenses incurred regarding this matter after this Application was filed; (4) to award Keystone its further reasonable attorneys' fees, costs, and expenses incurred in obtaining confirmation of the Award and entry of judgment; and (5) to award Keystone any and all other just and appropriate relief. (ECF No. 1 at 5–6.)

By August 2, 2022, Keystone had served Respondents with the summons and Arbitration papers in this case. (ECF Nos. 8, 14, 16.) On December 2, 2022, the Court directed Keystone to file a motion seeking clerk's default, and if appropriate, to file a

4

motion for default judgment so that the Court would have sufficient information in the record for it to rule on the Application. (ECF No. 25.) After all of the Respondents still failed to appear or otherwise respond to the Application, Keystone obtained the Clerk's Entry of Default on January 9, 2023. (ECF No. 30.) Thereafter, Keystone moved for default judgment on January 16, 2023, requesting that the Court enter default judgment against Respondents, jointly and severally, in the amount of $255,578.12. (ECF No. 31.) As of this date, none of the Respondents have filed appearances or any responsive pleadings in this matter.

## II. LEGAL STANDARD

### A.     Default Judgment

Default must enter against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55(a). Default judgment must be entered by the Clerk of Court if the claim is for "a sum certain"; in all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Default judgment is typically available "only when the adversary process has been halted because of an essentially unresponsive party," in order to avoid further delay and uncertainty as to the diligent party's rights. *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (internal quotation marks and citation omitted).

### B.     Review of Arbitration Award

The standard of review of arbitral awards is among the narrowest in the law. *See Litvak Packing Co. v. United Food & Commercial Workers, Local Union No. 7*, 886 F.2d 275, 276 (10th Cir. 1989); *see also Int'l Bhd. of Elec. Workers, Local Union No. 611, AFL-CIO v. Pub. Serv. Co. of N.M.*, 980 F.2d 616, 618 (10th Cir. 1992). "A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary; confirmation can only be

denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act." *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986). "Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court,' and the court 'must grant' the award 'unless the award is vacated, modified, or corrected.'" *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (citations omitted).

A court will enforce an arbitral decision if it draws its essence from the parties' agreements and is not merely the arbitration panel's own brand of industrial justice. *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). Courts may not reconsider the merits of an award even where the award may rest on errors of fact or misinterpretations of the parties' agreement. *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987); *Cal-Circuit ABCO, Inc. v. Solbourne Comput., Inc.*, 848 F. Supp. 1506, 1510 (D. Colo. 1994). As a result, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *Misco*, 484 U.S. at 38.

### III. ANALYSIS

#### A.   Default Judgment

Before granting a motion for default judgment, the Court must ensure that it has subject matter jurisdiction over the action and personal jurisdiction over the defaulting defendant. *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202–03 (10th Cir. 1986). Next, the Court should consider whether the well-pleaded allegations of fact—which are admitted by the defendant upon default—support a judgment on the claims against the defaulting defendant. *See Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, 2009 WL

765872, at *3 (D. Colo. Mar. 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment.").

1.     Jurisdiction

The Court finds that it has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, excluding interest and costs, and because Keystone, a citizen of California and Illinois (ECF No. 1 at 1), is a citizen of different states than each Respondent, all of whom are Colorado citizens.

Additionally, the Court has personal jurisdiction over Respondents because they are each citizens of Colorado.

2.     Additional Requirements

First, Keystone has complied with D.C.COLO.LCivR 55.1(a), which requires a party seeking a default judgment under Rule 55 to file a motion supported by affidavit showing: (a) that the defendants who have been defaulted are not minors or incompetent persons, are not in the military service as set forth in the Servicemembers Civil Relief Act, 50 U.S.C. § 521, have not made an appearance, and (b) a sum certain or the sum that can be made certain by computation.  D.C.COLO.LCivR 55.1(a).  In the Declaration of Scott A. Schaefers In Support of Applicant's FRCP Rule 55 Motion for Default Judgment, Keystone satisfies the Local Rule's requirements.  (ECF No. 31-1 at 2–3.)

Additionally, D.C.COLO.LCivR 55.1(b) requires the party seeking a default judgment to submit a proposed form of judgment reciting: (1) the party or parties in favor of whom judgment shall be entered; (2) the party or parties against whom judgment shall be entered; (3) when there are multiple parties against whom judgment shall be

entered, whether the judgment shall be entered jointly, severally, or jointly and severally; (4) the sum certain consisting of the principal amount, prejudgment interest, and the rate of postjudgment interest; and (5) the sum certain of attorneys' fees enumerated in the document on which the judgment is based. D.C.COLO.LCivR 55.1(b). Keystone states that it submitted a proposed form of judgment which complies with LR 55.1(b) with the Motion, but the Court cannot locate it. (ECF No. 31 at 4.) Nonetheless, the Court concludes Keystone has substantially satisfied the requirements for default judgment proceeds to resolve the Application.

**B.      Confirmation of Arbitration Award**

    1.      <u>Award</u>

Although Respondents have not appeared in this case or filed anything in opposition to the Application or Motion, the Court nonetheless reviewed Keystone's submissions to understand whether enforcement of the arbitral decision is appropriate, "draws its essence from the parties' agreements and is not merely the [arbitrator's] own brand of industrial justice." *United Steelworkers*, 363 U.S. at 597. Among the numerous other submissions by Keystone in support of the Application and Motion, the Court reviewed the Final Award of the Arbitrator and concludes that the Arbitrator applied the relevant contracts and acted within the scope of her authority. (ECF No. 1-1 at 4–11.) *See Misco*, 484 U.S. at 38. Therefore, the Court will enforce the decision of the Arbitrator to award Keystone $253,157.12.

    2.      <u>Attorneys' Fees</u>

The decision to award attorneys' fees in an action to enforce an arbitral award is within the district court's discretion. *United Steel Workers of Am. v. Ideal Cement Co.*, 762 F.2d 837, 843 (10th Cir. 1985). Whether to award attorneys' fees remains

discretionary at the enforcement level even where a provision in a contract provides for an award of costs and fees to a prevailing party at the arbitral level.  *See Curtiss Simmons Capital Res., Inc. v. Edward Kraemer & Sons, Inc.*, 23 F. App'x 924, 931 (10th Cir. 2001) (holding that district court did not abuse its discretion in denying costs and fees incurred in confirming arbitral award in spite of contract providing for costs and fees to prevailing party).  A prevailing party may recover attorneys' fees where the opposing party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Fabricut, Inc. v. Tulsa Gen. Drivers, Warehousemen & Helpers, Local 523*, 597 F.2d 227, 230 (10th Cir. 1979) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975)) (upholding denial of attorney's fees in arbitration award confirmation action where district court found no bad faith).

Here, Keystone attaches to the Application Exhibit 10, which details the attorneys' fees incurred in filing this Application, which total $2,421.  (ECF No. 1-1 at 43–45.)  The Court finds the amount of attorneys' fees to be reasonable, and it further finds in its discretion that Keystone is entitled to these post-Award attorneys' fees.

### IV. CONCLUSION

For the foregoing reasons, the Court ORDERS:

1. Keystone Automotive Industries, Inc.'s Application to Confirm Arbitration Award (ECF No. 1) is GRANTED;

2. Keystone Automotive Industries, Inc.'s Motion for Default Judgment (ECF No. 31) is GRANTED;

3. As a result of Respondents' default, judgment shall enter in favor of Applicant Keystone Automotive Industries, Inc. and against Respondents Affordable

Auto Body and Paint, LLC, James E. Newton, and Harold Swan, jointly and severally, in the amount of $255,578.12, which includes the Final Award amount of $253,157.12, plus $2,421 in post-Award attorneys' fees and costs; and

    4.    The Clerk shall terminate this action.

Dated this 14th day of March, 2023.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge